## FLOYD HENTON v. STATE OF NEBRASKA.

### FILED OCTOBER 9, 1936.   No. 29787.

*Grenville P. North* and *Harold E. Hanson,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Daniel Stubbs, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

CARTER, J.

Plaintiff in error, who will hereafter be referred to as the defendant, was convicted of the crime of shooting with intent to kill and sentenced to serve three years in the state penitentiary. From the overruling of his motion for a new trial, defendant brings the case to this court for review.

The record discloses that on April 12, 1935, the defendant called at the room of Edna Henton, his estranged wife, and, in the altercation which followed, shot her twice with a revolver inflicting serious bodily injuries. Defendant then went to a near-by beer tavern and attempted to commit suicide by shooting himself through the chest. The facts

above recited are not denied. Upon the trial of the case the defendant interposed a plea of insanity as a defense.

It is contended that the trial court erred in excluding the opinion evidence of Lena Ishmael that defendant was insane at the time of the shooting. It is further contended that evidence was produced which overcame the presumption of sanity and that the state failed to produce evidence to the contrary sufficient to sustain the burden of proof cast upon it under the law.

During the course of the trial Lena Ishmael was called as a witness and testified that in 1931 and prior thereto the mother of the defendant resided at her home and that the defendant called on his mother twice during that period and that she observed his appearance and actions at that time. She was then asked to state her opinion as to whether the defendant was sane or insane on April 12, 1935. The court sustained objections to this question. The correct rule was stated in *Torske v. State,* 123 Neb. 161, 242 N. W. 408, as follows: "Nonexpert witnesses who have an intimate personal acquaintance with and an opportunity to observe the actions and demeanor of a person, before, at and after the time in question, may be permitted to testify as to his sanity or insanity when they have stated the primary facts which support their conclusion." It is clear that, under this rule, the witness did not qualify herself as one with sufficient knowledge of the situation to give her opinion as to defendant's sanity. At all events, her testimony was too remote to be material. The trial court properly rejected the evidence in question.

Defendant contends that evidence was offered tending to overcome the presumption of sanity and that the state failed to sustain the burden of proving his sanity. The defendant testified in his own behalf. His story was that, immediately prior to the shooting, his mind became a complete blank and that he knew nothing until after being taken to the hospital. Dr. Roy A. Dodge, in answer to a hypothetical question, testified that, in his opinion based on the assumed facts contained in the question, the defendant

was mentally deficient and did not know right from wrong. It must be noted, however, that the hypothetical question assumed the fact to be true that defendant's mind was a complete blank at the time the shooting took place. Of course, if an expert medical witness must assume that defendant's mind was a complete blank at the time the alleged crime was committed, the answer would necessarily be that the defendant was mentally deficient and did not know right from wrong. The whole question was therefore predicated on defendant's evidence that his mind was a complete blank at the time. The jury apparently did not believe his story. They heard the testimony of the complaining witness as to his actions immediately prior to the shooting and the evidence of the police officers immediately after. In addition to this, they saw the defendant on the witness-stand and observed his conduct and demeanor at that time. If the jury disbelieved his evidence, the basis for the hypothetical question and the opinion evidence of Dr. Dodge based upon it was gone. Except upon the assumption of the facts recited in the hypothetical question, Dr. Dodge refused to testify that, in his opinion, the defendant was insane at the time of the commission of. the alleged crime.

It has long been the rule in this state that, where an accused interposes a defense of insanity, and offers evidence to support it, the burden of proof is upon the state to establish his sanity beyond a reasonable doubt. But counsel for defendant assume that such rebutting evidence must be of an expert nature. Such is not the case. In *Wilson v. State*, 120 Neb. 468, 233 N. W. 461, this court said: "The evidence of witnesses as to the circumstances surrounding the commission of the offense in the present case, and the defendant's appearance and conduct at the time in question here, *held* sufficient to justify the jury in finding, beyond a reasonable doubt, that the defendant was clearly responsible for the unlawful act." Resolved to a final analysis, the sole question was whether the jury believed the story of the defendant that his mind suddenly became a blank at the time of the shooting or whether they believed the evidence of the

other witnesses called in the case. The jury have passed upon that question and we are of the opinion that there is ample evidence to support their finding. The evidence of any mental deficiency on the part of the defendant is so meagre that a jury would be justified in finding that the presumption of the sanity of the defendant was not satisfactorily rebutted. The verdict of the jury is amply supported by the evidence.

No prejudicial error appearing in the record, the judgment of the district court is

AFFIRMED.