STATE OF NEBRASKA, APPELLEE, v. LEO NEWSON, APPELLANT.

164 N. W. 2d 211

Filed January 24, 1969. No. 36864.

Fred J. Montag, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

WHITE, C. J.

Appellant, Leo Newson, was tried under section 28-414, R. R. S. 1943, for the April 24, 1967, robbery of the Goodrich Dairy Store, 3702 South Twenty-fourth Street, in Omaha, Nebraska. At the close of the presentation of evidence by both the State and the defendant, the defendant moved for a directed verdict or a dismissal on the ground that it was conclusively demonstrated that he was insane at the time of the alleged commission of the offense. The motions were denied, the defendant found guilty, and judgment and sentence were pronounced thereon. The defendant appeals. We affirm the judgment.

In our jurisdiction, a defendant in a criminal action is presumed sane until the defendant produces evidence of insanity at the time of the alleged crime. If any evidence is produced, the State must then sustain the burden of producing evidence and persuading the jury beyond a reasonable doubt that the defendant was sane at the time of the crime. Thompson v. State, 159 Neb. 685, 68 N. W. 2d 267; Henton v. State, 131 Neb. 622, 269 N. W. 116; Snider v. State, 56 Neb. 309, 76 N. W. 574; Shannon

v. State, 111 Neb. 457, 196 N. W. 635; Plessman v. State, 130 Neb. 758, 266 N. W. 629; Fisher v. State, 140 Neb. 216, 299 N. W. 501. The verdict of the jury will not be disturbed unless there is insufficient evidence to support the jury's findings. Wilson v. State, 120 Neb. 468, 233 N. W. 461; Philbrick v. State, 105 Neb. 120, 179 N. W. 398; Fisher v. State, *supra.*

The question involved is whether, under the evidence, an issue of insanity was raised which justified the submission of the issue to the jury. Two experts testified with respect to defendant's condition at times before, during, and after the crime. The familiar rule in our jurisdiction is that the primary test is the capacity to distinguish between right and wrong at the time of the commission of the offense. Dr. Chester H. Farrell testified that in his opinion the defendant was a chronic schizophrenic and that he did not know the difference between right and wrong on the date of the crime and was therefore legally insane. Upon cross-examination, however, Dr. Farrell testified that a chronic schizophrenic may know the difference between right and wrong depending upon the state of his "emotional functioning" at the time.

Dr. Daryl Stephenson, a psychiatrist, was called as a witness by the State in rebuttal. Dr. Stephenson, after examination of the defendant, expressed an opinion that on May 24, 1967, one month after the alleged robbery, the defendant knew the difference between right and wrong and showed no overt manifestations of schizophrenia. This witness also testified, based upon daily observations and weekly visitations between May 24, 1967, and July 30, 1967, that the defendant was not suffering from delusions or hallucinations. Finally, Dr. Stephenson testified that he had previously examined the defendant during the spring and summer of 1966; that the defendant had schizophrenic reactions of a chronic nature at that time; but that he showed no extreme tendencies of paranoia, catatonia, or marked de-

pression or elation. Dr. Stephenson also confirmed the previous testimony of Dr. Farrell to the effect that it was possible for a person to manifest schizophrenic tendencies at certain times, but not at others; and that a person subject to hallucinations may not hallucinate all the time but may hallucinate at different periods. In addition to the expert testimony, the jury had an opportunity to observe the demeanor of defendant during his cross-examination. Also from the testimony of other actual witnesses to the crime involved, the jury had the opportunity to judge the defendant's appearance and conduct at the actual time of the robbery and relate it to the experts' testimony that was given in the case. We further point out that expert testimony is purely advisory in nature to jurors and is not binding on them. The court properly instructed the jury in this respect, and the court so properly informed the jury. The evidence, as a whole in this case, clearly raises the issue of the ininsanity of the defendant. The trial court properly instructed upon this issue, to which instruction there is no objection. The trial court's overruling of the defendant's motions for a directed verdict was correct in all respects.

The defendant also raised the issue of intoxication. The defendant and another witness testified quite extensively in this respect. The court properly instructed upon this issue raised by the defendant. See, Tvrz v. State, 154 Neb. 641, 48 N. W. 2d 761; Thompson v. State, 159 Neb. 685, 68 N. W. 2d 267; Daugherty v. State, 154 Neb. 376, 48 N. W. 2d 76.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.